MR. JASON T. PEGUES #728190
Huntsville Unit
815 12th Street
Huntsville, Texas 77348

74,762-04

MARCH 12, 2015

To: Court of Criminal Appeals
Box 12308
Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 16 2015

Abel Acosta, Clerk

Re: Ex Parte
Jason T. Pegues #728196 / Cause No. 94-DCR-026185 HC4
(WR-74,762-04)

Dear Madam/Sir:

Please Find Enclosed a Suggestion Pursuant To Rules Of Appellate Procedure, Rule 79.2 (d) In Reference To The Above Mentioned Cause Number. If You Will Please Place The enclosed On The Court Docket so That it may be Presented To The Honorable Court so That it may be Taken Into Consideration and Ruled On. Thank You For Your Time and Assistance.

Respectfully Submitted,

# 728196

Jason T. Pegues # 728196
The Applicant:
Cause No. 94-DCR-026185 HC4
(WR-74,762-04)

cc/file:

1 OF 1

| | | |
|---|---|---|
| JASON T. PEGUES #728196<br>APPLICANT | § | IN THE COURT OF CRIMINAL APPEALS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | AT |
| | § | |
| | § | |
| | § | |
| THE STATE OF TEXAS<br>RESPONDENT | § | AUSTIN, TEXAS |

### APPLICANT'S SUGGESTION PURSUANT TO RULES OF APPELLATE
### PROCEDURE, RULE 79.2(d) UNDER ARTICLE 11.07
### OF THE CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JASON T. PEGUES #728196, APPLICANT, Pro-se, IN THE ABOVE STYLED AND NUMBERED CAUSE OF ACTION RESPECTFULLY SUBMIT THIS SUGGESTION PURSUANT TO RULES OF APPELLATE PROCEDURE, RULE 79.2(d) UNDER ART.11.07 OF THE CODE OF CRIMINAL PROCEDURE, SUGGESTING AND REQUESTING THAT THIS HONORABLE COURT REVIEW THE CONSTITUTIONAL LEGITAMACY OF THE APPLICANT'S CONVICTION, AS THE APPLICANT CHALLENGES THE JUDGEMENT OF SENTENCE IN CAUSE NO.26185. THE APPLICANT WOULD LIKE TO SHOW THIS HONORABLE COURT THE FOLLOWING:

### PROCEDURAL HISTORY

APPLICANT FILED A HABEAS CORPUS 11.07 APPLICATION ON FEBRUARY 19,2014 BASED ON THE COURT OF CRIMINAL APPEALS COMPLETELY OVERRULING THE DeGarmo DOCTRINE. THIS HONORABLE COURT RECEIVED THE APPLICATION (WR-74,762-03) ON AUGUST 4,2014 AND DENIED IT WITHOUT WRITTEN ORDER ON AUGUST 27,2014. AROUND DECEMBER 10,2014, THE APPLICANT FILED A SUBSEQUENT APPLICATION IN WHICH THIS HONORABLE

COURT RECEIVED IT ON JANUARY 30,2015. ON MARCH 4,2015, THIS HONORABLE COURT DISMISSED THE SUBSEQUENT APPLICATION WITHOUT WRITTEN ORDER DUE TO TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 11.07, Sec.4(a)-(c).

## NATURE OF PROCEEDING

IN PURSUANT TO RULES OF APPELLATE PROCEDURE, RULE 79.2(d), THE APPLICANT IS SUGGESTING AND REQUESTING THAT THIS HONORABLE COURT REVIEW THE APPLICANT'S SUBSEQUENT APPLICATION AS HE SPECIFY AND ASSERT SECTION 4 (a)(1)(2) IN DETAIL. THE APPLICANT ALSO SUGGEST THAT THIS HONORABLE COURT REVIEW IN HIGHLIGHT: **THE FAMILY CODE REQUIREMENT SECTION 52.02 VIOLATION**, and **THE PARENTAL NOTIFICATION REQUIREMENT VIOLATION** LISTED IV. and V. UNDER:

VIOLATION OF APPLICANT'S DUE PROCESS RIGHTS UNDER
THE 14th AMENDMENT OF THE U.S. CONSTITUTION:

(WHICH STARTS ON PAGE (10) OF APPLICANT'S SUBSEQUENT MEMORANDUM).

## STATEMENT OF FACTS

APPLICANT FILED A SUBSEQUENT APPLICATION WHICH DID NOT SPECIFY WHAT SUBSECTION OF ARTICLE 11.07 THE SUBSEQUENT APPLICATION WAS FILED PURSUANT TO. THE APPLICANT IS NOW IN PURSUANT TO RULES OF APPELLATE PROCEDURE, RULE 79.2(d), REQUESTING AND SUGGESTING THAT THIS HONORABLE COURT, ON IT'S OWN INITATIVE, REVIEW THE APPLICANT'S SUBSEQUENT APPLICATION (WR-74,762-04) WHICH IS FILED PURSUANT TO THE PROVISIONS OF ARTICLE 11.07 Sec.4(a)(1)(2) OF THE CODE OF CRIMINAL PROCEDURE, MEMORANDUM WHICH PRESENTS **NEW CREDIABLE, CRITICAL, CLEAR and CONVINCING EVIDENCE** THAT THE APPLICANT WAS NOT ABLE TO OBTAIN BECAUSE IT WAS NOT AVAILABLE TO THE APPLICANT BEFORE HIS INITIAL WRIT WAS FILED, WHICH WAS ON FEBRUARY 19,2014 DUE TO THE FORT BEND COUNTY JUVENILE DETENTION CENTER ADMINISTRATION INFORMING THE APPLICANT THAT

-2-

HIS JUVENILE FILE WAS SEALED BY THE COURT, ESTABLISHING Sec.4(a)(1). HAD THIS EVIDENCE BEEN AVAILABLE ON THE DATE THAT THE APPLICANT'S INITIAL APPLICATION WAS FILED, THE APPLICANT WOULD HAVE PRESENTED IT DUE TO IT BEING THE **ONLY** **EVIDENCE** THAT CAN PROVE THE CLAIMS AND ISSUES BEYOND A REASONABLE DOUBT. THE APPLICANT ALSO HAS A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE HAD THIS EVIDENCE BEEN PRE-SENTED AND ARGUED IN TRIAL, THIS CASE 26185 WOULD HAVE HAD A DIFFERENT RESULT DUE TO THE PREPONDERANCE OF THE EVIDENCE, BUT FOR A VIOLATION OF THE UNITED STATES CONSTITUTION NO RATIONAL JUROR COULD HAVE FOUND THE APPLICANT GUILTY BEYOND A REASONABLE DOUBT, NOR WOULD HAVE A RATIONAL JUROR SENTENCED THE APPLICANT THE SENTENCE THAT WAS GIVEN, ESTABLISHING Sec.4(a)(2).(Ex parte Brooks,219 S.W.3d 396 (TEX.CRIM.APP. 2007). THE NEW CREDIABLE, CRITICAL, CLEAR and CONVINCING EVIDENCE IS THE APPLICANT'S INVESTIGATING/ARRESTING RECORD, IN WHICH APPLICANT HAD BEEN DILIGENT IN ATTEMPTING TO ACQUIRE. SEE ATTACHMENT "C" OF THE APPLICANT'S SUBSEQUENT MEMORANDUM (WR-74,762-04) WHERE APPLICANT WAS DILIGENT IN ATTEMPTING TO OBTAIN THE JUVENILE PROCEEDINGS OF THIS CASE IN WHICH THE APPLICANT AND HIS FAMILY WAS TOLD THAT HIS JUVENILE FILE WAS SEALED BY THE COURT. NEVERTHELESS, THE APPLICANT AND HIS FAMILY NEVER STOPPED BEING DILIGENT IN ATTEMPTING TO ACQUIRE THE APPLICANT'S JUVENILE FILE/RECORD.

## II.

THE APPLICANT'S FAMILY HAD TO GO THROUGH MULTIPLE (UN-KNOWN TO THE APPLICANT) CHANNELS TO GET THIS PARTICULAR RECORD IN THEIR POSSESSION. FORTUNATELY, BY WAY OF THE FORT BEND COUNTY JUVENILE DETENTION CENTER ADMINISTRATION (SEE ATTACHMENT "D" OF APPLICANT'S SUBSEQUENT MEMORANDUM) THE APPLICANT FAMILY WERE FINALLY ABLE TO GAIN POSSESSION OF WHAT PERTAINS TO THE CLAIMS AND ISSUES PRESENTED IN THE APPLICANT'S

APPLICATIONS (INITIALLY AND SUBSEQUENTAL). THE APPLICANT ALSO HAS CLEARLY ESTABLISHED BY THE AFOREMENTIONED THE SUFFICIENT SPECIFIC FACTS THAT IS REQUIRED, MEETING BOTH OF THE EXCEPTIONS SET OUT IN THE STATUTE,(Ex parte WHITESIDE, 12 S.W.3d 819 (TEX.CRIM.APP.2000)). THIS NEW EVIDENCE WILL PROVE BEYOND A REASONABLE DOUBT THAT APPLICANT'S SUBSTANTIAL RIGHTS PURSUANT TO **FEDERAL RULES OF CRIMINAL PROCEDURE 52(b)** WERE AFFECTED AND HIS CONSTITUTIONAL RIGHTS WERE VIOLATED. PURSUING RULES OF APPELLATE PROCEDURE, **RULE 79.2(d)** SUGGESTING THAT THIS HONORABLE COURT, ON IT'S OWN INITATIVE, REVIEW THE CONSTITUTIONAL LEGITAMACY OF THE APPLICANT'S CONVICTION, AS THE APPLICANT CHALLENGES THE JUDGEMENT OF SENTENCE IN CAUSE No.26185.

### III.

THE APPLICANT CAN ASSURE THAT REVIEWING AND ADJUDICATING THE MERITS OF THE APPLICANT'S CLAIMS AND ISSUES IN THIS CASE WILL NOT BE A WASTE OF THIS HONORABLE COURT'S TIME. FULLY RESPECTING AND IN PURSUANT TO THE RULES OF APPELLATE PROCEDURE, RULE 79.2(d), UNDER ARTICLE 11.07 Sec. 4(a)(1)(2).(Ex parte MORENO,245 S.W.3d 419 (TEX.CRIM.APP.2008)).

### REQUEST FOR RELIEF
### PRAYER

THE APPLICANT PRAYS THAT THIS HONORABLE COURT , ON IT'S OWN INITATIVE, REVIEW THE APPLICANT'S SUBSEQUENT APPLICATION. THE APPLICANT ASK FOR MERCY FROM THIS HONORABLE COURT, ESTABLISHING THE MEANS IN PURSUING RULES OF APPELLATE PROCEDURE, RULE 79.2(d). AS A LAYMAN OF THE LAW, AND Pro-se, THE APPLICANT PERCEIVED HIS SUBSEQUENT APPLICATION BEING PLACED UNDER THE SAME PROVISIONS AS HIS INITIAL WRIT SINCE IT WAS PERTAINING TO THE SAME CLAIMS, AND UNFORTUNATELY, THAT WAS NOT THE

-4-

CASE. THE APPLICANT'S ONLY REQUEST FOR RELIEF IS THAT THIS HONORABLE

COURT, ON IT'S OWN INITATIVE, REVIEW THE APPLICANT'S SUBSEQUENT

APPLICATION, AS IT WAS FILED PURSUANT TO ARTICLE 11.07 Sec.4(a)(1)(2),

HOWEVER, THE APPLICANT DID NOT SPECIFY. PRAYERFULLY, THIS HONORABLE

COURT WILL NOT ONLY ACKNOWLEDGE THAT THE APPLICANT RESPECTFULLY FILED

THIS PURSUANT TO RULES OF APPELLATE PROCEDURE, RULE 79.2(d), BUT ON

IT'S OWN INITATIVE, REVIEW THE APPLICANT'S SUBSEQUENT APPLICATION.

THANK YOU FOR YOUR TIME.

EXECUTED ON: _MARCH 12, 2015_____.

RESPECTFULLY SUBMITTED,

_____#728196_

JASON T. PEGUES #728196
APPLICANT:
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

## CERTIFICATE OF SERVICE

I, JASON T. PEGUES #728196, THE APPLICANT, BEING PRESENTLY CONFINED
IN WALKER COUNTY, TEXAS, DO HEREBY AFFIRM THAT I HAVE DELIVERED THE
ORIGINAL OF THIS SUGGESTION PURSUANT TO RULES OF APPELLATE PROCEDURE,
RULE 79.2(d) TO THE PRISON MAILROOM OFFICIALS FOR DELIVERY TO THE
FOLLOWING via U.S. POSTAL SERVICE:

THE COURT OF CRIMINAL APPEALS CLERK, ABEL ACOSTA
P.O. BOX 12308 CAPITOL STATION,
AUSTIN, TEXAS 78711

## INMATE DECLARATION

I, JASON T. PEGUES #728196, PRESENTLY INCARCERATED IN WALKER COUNTY,
TEXAS, HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE
MENTIONED IN THIS SUGGESTION PURSUANT TO RULES OF APPELLATE PROCEDURE,
RULE 79.2(d) IS TRUE AND CORRECT.
SIGNED ON THIS 12th day of _MARCH_____2015.

_____# 728196

JASON T. PEGUES #728196

-5-